AGUSTÍN MARTÍNEZ LUNA, ETC., ET AL., Petitioners and Appellants, *v.* MUNICIPAL COURT OF PONCE (SECOND SECTION), Respondent and Appellee; JUAN VILLAFAÑE HERRERA ET AL., Interveners and Appellees.

No. 8512.   Argued November 30, 1942.—Decided January, 18, 1943.

*Leopoldo Tormes* and *Aurora Bermúdez* for appellants.   *R. Hernández Matos* for interveners and appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

On June 30, 1928, Julián Martínez signed before a notary and delivered to his son, Quintín Martínez Camacho, a document acknowledging that he owed him the amount of $80, which was to be paid, and was accordingly so stated in the document, at the death of the debtor, by his "heirs, successors, executors, or administrators." Said obligation was

assigned by Quintín Martínez Camacho to Manuel García Reyes and Juan Villafañe Herrera by a document of May 7, 1940, signed before Notary Sergio León Lugo. As holders of said obligation, said Manuel García Reyes and Juan Villafañe Herrera, at the death of Julián Martínez on July 16, 1929, brought an action of debt in the Municipal Court of Ponce, Second Section, against the heirs of Julián Martínez, to wit: his sons Filiberto Martínez Valencia and Quintín Martínez Camacho, and his grandchildren Agustín and Juan Martínez Luna, minors, under the *patria potestas* of Leonor Luna. In order to secure the effectiveness of the judgment, the plaintiffs sought and obtained the attachment of a certain urban property, consisting of a lot situated in the city of Ponce. Upon the defendants being summoned, they interposed a demurrer for insufficiency, and the same being overruled, they answered. After the trial was had on December 7, 1940, judgment was rendered for plaintiffs in the amount claimed. Defendants appealed to the district court, which on June 2, 1941, rendered judgment also for plaintiffs. Although the judgment was rendered against all the heirs of Julián Martínez and the attachment was constituted on the entire lot, when designating the properties of the defendants to satisfy the judgment, the plaintiffs asked the marshal to call for public sale, in compliance with the order of execution of "all the interest, title, participation, share, condominium, ownership and right of property of the defendants Filiberto Martínez Valencia and Quintín Martínez Camacho on the lot attached." In conformity with the petition of the plaintiffs, the marshal in the advertisement of the public auction, offered for sale only the interest, etc., of the two defendants above mentioned and set July 15, 1941, at 2:00 p. m., for the said sale.

This being so, on June 24, 1941, the plaintiffs sent a petition to the marshal, instructing him to set aside the date set for the public sale which had been advertised for July 15,

1941, to which the marshal agreed, stating the reasons therefor, under his signature, at the foot of the plaintiffs' petition on that same day, June 24, 1941. The public sale was set aside in order to include in the judgment the memorandum of costs, which had been subsequently approved on August 12, 1941. The plaintiffs then asked for an amended order of execution of judgment and it being issued, they again asked the marshal that, in the execution of the judgment, he should call for public sale only the interest of the same defendants in the attached property. Accordingly, on September 19, 1941, the marshal called for public sale and sold the interest of said two defendants on the attached property.

While these proceedings were taking place in case No. 1309, Leonor Luna filed in the same municipal court, on July 3, 1941, under No. 1862, a complaint claiming her right of homestead, which she alleged she held together with her minor children Agustín, Juan, and Josefa Martínez Luna on a wooden house, with a zinc roof, built on the lot in question by her deceased husband, father of said minors, during his marriage to plaintiff.

In order to secure the effectiveness of the judgment, on July 14, 1941, she sought and obtained an order decreeing the suspension of the public sale which in the above-mentioned case No. 1309 had been set for July 15, 1941. It seems advisable to explain, however, that, as we have previously said, said public auction had been suspended from June 24, 1941, on motion of the plaintiffs in said case No. 1309, in order to include in the judgment the amount of the memorandum of costs when the same were approved. When the public sale of case No. 1309 was again advertised for September 19, 1941, the plaintiff in case No. 1862 filed a motion, for the purpose of enlarging the order of attachment previously issued, for the suspension of the new public sale and it was so ordered by the court on September 18, 1941.

When the plaintiffs in case No. 1309 learned of the order suspending the public sale, they filed a motion wherein they set forth the fact that said suspension had been decreed without notifying them and without giving them an opportunity to be heard, and especially the additional circumstance that the rights of Leonor Luna and of her three minor children could be affected in no way by said public auction. In view of this motion, the court, on the same day, September 18, 1941, relying on the authority which subdivision 8 of §7 of the Code of Civil Procedure confers on it to correct its orders and pronouncements in furtherance of justice, set aside the said order of suspension of the public sale and ordered:

" . . . that an order be issued by the clerk of this court to the marshal thereof, directing him to proceed with the service of the amended order of execution of judgment which was issued in case No. 1309 by holding, to-morrow, at two o'clock p.m., the public sale, set for that day and hour, of all the rights, condominiums, titles, shares, and actions which might belong to defendants herein, Filiberto and Quintín Martínez, *excluding the homestead right or any other right to which plaintiff herein Leonor Luna and her sons Agustín, Juan, and Josefina surnamed Martínez and Luna may be entitled.*" (Italics ours.)

In order to review the above-mentioned order, the minors Martínez Luna instituted a certiorari proceeding in the lower court through their counsel *ad litem* since their mother Leonor Luna had died on the same day that the petition for homestead was filed. Said court issued the writ, heard the parties and, after setting forth a lengthy recital of the proceedings had in both cases in the municipal court, reached the conclusion that the public sale of that part of the lot in question which the defendants Filiberto Martínez Valencia and Quintín Martínez Camacho had thereon was valid and did not affect in any manner the homestead right alleged by the petitioners, for which reason it dismissed the petition for certiorari with costs on the petitioners.

From this judgment the present appeal has been taken.

██ A mere statement of the proceedings had in both cases in the Municipal Court of Ponce is sufficient to show that this appeal does not lie. If the minors only claim a homestead right on the house which according to them their father built on the attached lot; if the plaintiffs in the action of debt have not prayed for any remedy which may affect the rights alleged by the minors, but on the contrary, the lot was sold on the express condition that the homestead right should not be affected by the sale, what reasons have the minors to oppose a public sale under these conditions?

For a better understanding, even if superficially, we shall pass upon the two questions raised by the appellants; (a) that the public sale is void because it was held on September 19, 1941, when by virtue of a proclamation of the Governor dated September 13 and by reason of the inauguration of Governor Rexford G. Tugwell it was ordered that the offices of the Insular Government and of the public schools of the Island should remain close on the 19th, with the exception of those offices which due to the nature of their services should remain open; (b) the failure to serve notice on petitioners herein of the motion for reconsideration which the plaintiffs filed in the Municipal Court of Ponce in the action of debt in order to set aside the order of September 18, 1941, suspending the public sale which was held on the 19th of the same month.

As to the first question, it will suffice to say that September 19, 1941 was not one of the days specified in §11 of the Code of Civil Procedure as a day on which no court may act and that the proclamation of the Governor only operated as a recommendation, for which reason it did not render it as a nonworking day since it is not among those in which under the statute the court can transact no business. *People v. Díaz*, 33 P.R.R. 478; *Márquez v. Insular Board of Elections*, 41 P.R.R. 1, 9.

■ As to the second question, we say that a motion for reconsideration does not have to be notified to the adverse party. It is addressed to the sound discretion of the court and if the latter is fully convinced that its order or pronouncement is erroneous, it is authorized by subdivision 8 of §7 of the Code of Civil Procedure, relied on by the municipal judge, to set it aside and render instead the proper one according to law.

For the reasons stated the appeal should be dismissed and the judgment appealed from affirmed.